## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

JOSHUA DORTCH,

              Plaintiff,

    vs.

OMAHA NEBRASKA POLICE
DEPART, UNKNOWN BIVENS, and
JOHN DOE OFFICERS,

             Defendants.

**4:17CV3130**


**MEMORANDUM
AND ORDER**

      Plaintiff filed a Complaint on October 5, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

      Plaintiff names the Omaha Police Department and Unknown Bivens and John Doe Officers as defendants in his Complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that "defendants police" stopped his vehicle on the pretext of speeding and violating a stop sign but never issued him a traffic ticket. Plaintiff claims police prolonged the stop "in violation of *Rodriguez*" to have a drug dog circle the vehicle and then performed a search. Plaintiff claims that Defendants used the information obtained from the search to connect Plaintiff with an alleged burglary in Lincoln. Plaintiff requests $100,000,000 in damages for the alleged 4th Amendment violation.

      Attached to Plaintiff's handwritten Complaint is a copy of an arrest warrant and the affidavit in support of the warrant filed in the County Court of Lancaster

County, Nebraska. (Filing No. 1 at CM/ECF pp.3–10.) The court also takes judicial notice of additional state court records available online to the court. *See Stutzka v. McCarville*, 420 F.3d 757, 761, n.2 (8th Cir. 2005) (court may take judicial notice of public records). Plaintiff's state court records[1] show that he was arrested and charged with burglary; that he was bound over to the Lancaster County District Court on September 21, 2017; and that the charge was dismissed without prejudice by the prosecutor on January 19, 2018.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014)

---

[1] *State v. Dortch*, CR17-9492, County Court of Lancaster County, Nebraska; *State v. Dortch*, CR17-1248, District Court of Lancaster County, Nebraska.

(quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.  DISCUSSION OF CLAIMS

In his Complaint, Plaintiff alleges a violation of his Fourth Amendment rights based on a "prolonged" traffic stop.  The Fourth Amendment, applicable to the states through the Fourteenth Amendment, provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . particularly describing the place to be searched, and the persons or things to be seized." Thus, the Fourth Amendment prohibits unreasonable seizures by governmental officials.  A seizure for a traffic violation may become unlawful if the stop is prolonged beyond the time reasonably required to address the traffic violation that justified the stop.  *Rodriguez v. U.S.*, __ U.S. __, 135 S.Ct. 1609, 1614–15 (2015).

Liberally construed, Plaintiff has alleged sufficient factual allegations to state a plausible Fourth Amendment violation.  However, Plaintiff has failed to allege that such violation was caused by a person acting under color of state law. First, the Omaha Nebraska Police Department is not a distinct legal entity amenable to suit under § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are

"not juridical entities suable as such"); *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

Second, because Plaintiff's Complaint does not specify whether he is suing Defendants in their official or individual capacities, this court presumes they are sued in their official capacities only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official—in this case, the City of Omaha. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (internal citations omitted)). As a municipality, the City of Omaha can only be liable under § 1983 if a municipal policy or custom caused Plaintiff to be deprived of a federal right or if the municipality failed to adequately train its employees. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff has not made any allegations supporting a policy, custom, or failure-to-train claim.

On the court's own motion, the court will provide Plaintiff with an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff should be mindful to identify the individuals he is suing and in what capacity they are being sued. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall file an amended complaint by February 22, 2018, that states a claim upon which relief may be granted.  Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2.      The clerk of the court is directed to set a pro se case management deadline using the following text: **February 22, 2018**: check for amended complaint.

Dated this 23rd day of January, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge