IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSHUA DORTCH,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>OMAHA POLICE OFFICE SUNDERMEIER WITH THE GANG TASK FORCE, In his official and individual capacities;<br><br>　　　　　　Defendant. | 4:17CV3130<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff filed his Complaint in this matter on October 5, 2017. (Filing No. 1.) Upon initial review, the court determined that Plaintiff had failed to state a cognizable claim. (Filing No. 6.) However, the court granted Plaintiff leave to file an amended complaint. Plaintiff filed an Amended Complaint on February 7, 2018. (Filing No. 7.) The court now conducts further review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e).

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint drops the previously-named Defendants, names as the sole Defendant Omaha Police Officer Sundermeier ("Sundermeier") in his official and individual capacity, and essentially restates the allegations of his original Complaint with some additional details. Plaintiff alleges that Defendant stopped his vehicle on the pretext of speeding and violating a stop sign but never issued him a traffic ticket. Plaintiff claims Defendant, "in violation of Rodriguez and [the] 4th Amendment, . . . stopped/arrested, detained, distrained, seized, and held" Plaintiff while Defendant conducted an illegal search. (Filing No. 1 at CM/ECF p.1.) Plaintiff alleges Defendant had a drug dog circle the vehicle after

Plaintiff denied consent to search and the dog alerted to the vehicle's tires. During the ensuing search, Plaintiff states that police seized cell phone boxes "and took pictures of the EMI Numbers" on the boxes. (*Id*. at CM/ECF p.2.)

Plaintiff claims that Defendant used the information obtained from the search to connect Plaintiff with an alleged burglary in Lincoln and obtain a warrant for his arrest. Plaintiff alleges that he was arrested two months later at his job in Omaha.[1] Plaintiff then affirms the court's statements in its order on initial review with respect to the state court proceedings related to Plaintiff's arrest. Specifically, Plaintiff acknowledges that his state court records show that he was arrested and charged with burglary, that he was bound over to the Lancaster County District Court on September 21, 2017, and that the charge was dismissed without prejudice by the prosecutor on January 19, 2018. (*See* Filing No. 6 at CM/ECF p.2.)

Plaintiff requests $100,000,000 in damages for the alleged 4th Amendment violation arising out of the stop and search of Plaintiff's vehicle.

## II. DISCUSSION

Plaintiff seeks monetary damages under 42 U.S.C. § 1983 based on a traffic stop and search allegedly conducted "in violation of Rodriguez" and the Fourth Amendment. The Fourth Amendment, applicable to the states through the Fourteenth Amendment, provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . particularly describing the place to be searched, and the persons or things to be seized." Thus, the Fourth Amendment prohibits unreasonable seizures by

---

[1] In discussing his arrest, Plaintiff refers the court to a separate action Plaintiff filed in this court, *Dortch v. Officer Shada, et al.*, 8:17CV377, which is currently pending. In that case, Plaintiff alleges that three City of Omaha police officers seized $5,512.00 from him in violation of his constitutional rights as he was leaving Reinhart Food in Omaha, Nebraska, after his 10-hour work shift. The court takes judicial notice of the records in 8:17CV377.

governmental officials. A seizure for a traffic violation may become unlawful if the stop is prolonged beyond the time reasonably required to address the traffic violation that justified the stop. *Rodriguez v. U.S.*, __ U.S. __, 135 S.Ct. 1609, 1614–15 (2015).

Plaintiff sues Sundermeier in both his official and individual capacities. A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official—in this case, the City of Omaha. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (internal citations omitted)). As a municipality, the City of Omaha can only be liable under § 1983 if a municipal policy or custom caused Plaintiff to be deprived of a federal right or if the municipality failed to adequately train its employees. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff has not made any factual allegations supporting a policy, custom, or failure-to-train claim. Plaintiff's claims against Sundermeier in his official capacity will, therefore, be dismissed.

With respect to Plaintiff's individual capacity claims against Sundermeier, the court concludes Plaintiff has alleged sufficient factual allegations to state a plausible Fourth Amendment search-and-seizure claim. This claim may proceed to service of process against Defendant Officer Sundermeier in his individual capacity.[2] Accordingly,

---

[2] Although the court finds that Plaintiff's Fourth Amendment claim may proceed against Defendant Sundermeier in his individual capacity, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Amended Complaint and is not a determination of the merits of his claim or potential defenses thereto.

IT IS ORDERED:

1. Defendant Officer Sundermeier in his official capacity is dismissed from this action for failure to state a claim upon which relief can be granted.

2. This action may proceed to service of process only as to Plaintiff's Fourth Amendment search-and-seizure claim against Defendant Officer Sundermeier in his individual capacity.

3. The clerk of the court is directed to obtain the last-known address for Defendant City of Omaha Police Officer Sundermeier from the United States Marshals Service for service of process on this Defendant in his individual capacity. Once such address is obtained, the clerk of the court is directed to complete a summons form and a USM-285 form for Defendant Sundermeier using the address provided by the Marshals Service and forward them together with a copy of the Complaint (filing no. 1), the Amended Complaint (filing no. 7), this court's previous Memorandum and Order on initial review (filing no. 6), and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendant City of Omaha Police Officer Sundermeier in his individual capacity. **The Marshals Service shall serve Defendant City of Omaha Police Officer Sundermeier in his individual capacity using any of the following methods: personal, residence, certified mail, or designated delivery service.** *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[3]

---

[3] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, **"[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."** *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

5. The clerk of the court is directed to file under seal any document containing the last-known personal address for the Defendant.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

7. The clerk of the court is directed to set the following case management deadline: **August 21, 2018**: check for completion of service of process.

8. Because this case is related to *Dortch v. Officer Shada*, et al., 8:17CV377 currently assigned to Chief Judge Smith Camp, the Clerk of Court shall directly reassign this case to Chief Judge Smith Camp.[4]

Dated this 23rd day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[4] I conferred with Chief Judge Smith Camp on Monday, May 21, 2018, and she agrees to the direct reassignment.